UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

JS - 6

CASE NO.:   CV 17-09205 SJO (SK)                    DATE: February 2, 2018

TITLE:   Rami Nassif v. Wells Fargo Bank N.A. et al

========================================================================
PRESENT:  THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                                   Not Present
Courtroom Clerk                                    Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**        **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                        Not Present

========================================================================
**PROCEEDINGS (in chambers):  ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** [Docket No. 12]

This matter comes before the Court on Plaintiff Rami Nassif's ("Plaintiff") Motion to Remand Case to Los Angeles Superior Court ("Motion"), filed on January 15, 2018. Defendant Wells Fargo Bank N.A. ("Defendant") opposed the Motion ("Opposition") on January 22, 2018 and Plaintiff replied ("Reply") on January 29, 2018.  The Court found the matter suitable for disposition without oral argument and vacated the hearing set for February 12, 2018.  *See* Fed. R. Civ. P. 78(b).  For the reasons stated below, the Court **GRANTS** Plaintiff's Motion.

I.      FACTUAL AND PROCEDURAL HISTORY

On November 22, 2017, Plaintiff filed a complaint in the Superior Court of California for the County of Los Angeles alleging that Defendant violated the Homeowner's Bill of Rights ("HBOR") by proceeding with foreclosure on Plaintiff's home while Plaintiff's application for a loan modification ("Application") was under review.  (*See generally* Notice of Removal, Ex. A ("Compl."), ECF No. 1-1.)  On November 28, 2017, the Honorable Mary H. Stobel granted a Temporary Restraining Order ("TRO") staying the sale of Plaintiff's home until January 4, 2018.  (Notice of Removal, Ex. B.)

Defendant removed the action to this Court on December 26, 2017, pursuant to the Court's diversity jurisdiction under 28 U.S.C § 1332.  (*See generally* Notice of Removal.)  According to Defendant, the Court has diversity jurisdiction because Plaintiff is a California citizen, whereas Defendant is a citizen of South Dakota.  (Notice of Removal 2.)  In addition, the amount in controversy exceeds $75,000 as the principal amount on the loan underlying the foreclosure (the "Promissory Note") is $550,000 and the amount of arrearage on the Property, as of April 11, 2017, is approximately $756,790.74.  (Notice of Removal 5.)

Plaintiff seeks to remand the instant action to the state court, arguing that the object of litigation under the HBOR claim was not the amount of indebtedness or the amount of the Promissory Note, but rather an injunction on the sale of the home pending Defendant's review of Plaintiff's loan

modification application.  (*See generally* Mot., ECF No. 12.)  Plaintiff thus argues that the amount in controversy requirement for diversity jurisdiction has not been met, and the action must be remanded to Los Angeles Superior Court for lack of subject matter jurisdiction.

II.  DISCUSSION

   A.  Legal Standard for Remand

A district court has removal jurisdiction pursuant to 28 U.S.C. section 1332 "where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a)(1).  Diversity jurisdiction requires "complete diversity" of citizenship.  *Carden v. Arkoma Associates*, 494 U.S. 185, 187 (1990).  Moreover, the removing party has the burden of showing that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs."  28 U.S.C. § 1332(a); *Gaus v. Miles, Inc.*, 980 F.2d, 564, 566 (9th Cir. 1992).

"The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  28 U.S.C. § 1446(b)(1).  If the case is not removable based on the initial pleading, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).

"Failure to comply with the requirements of § 1446(b) constitutes a 'defect in removal procedure.'"  *Page v. City of Southfield*, 45 F.3d 128, 131 (6th Cir. 1995) (citations omitted).  "Pursuant to 28 U.S.C. § 1447(c), a district court may remand an action . . . where there are procedural defects in removal."  *Washington v. United Parcel Serv., Inc.*, No. CV 09-01131 DDP, 2009 WL 1519894, at *1 (C.D. Cal. June 1, 2009).  However, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).  If challenged by the plaintiff, a defendant may submit evidence to the court to prove that the amount-in-controversy requirement has been satisfied.  *Id.*

Courts must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted).  "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  *Id.* (citation and internal quotation marks omitted).  Where there is doubt, the case should be remanded to state court.  *Matheson v. Progressive Speciality Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (footnote omitted).

B.  *Corral v. Select Portfolio Servicing, Inc.*

Directly on point to the issue here is the not two month old Ninth Circuit decision in *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017). In *Corral*, the Ninth Circuit was tasked with answering the question of whether "the value of [a] promissory note secured by the Deed of Trust on [a] Property, or ... the unpaid balance and other charges on the promissory note," are the "proper measures of the amount in controversy in a complaint seeking only a temporary injunction against foreclosure while a loan modification application is pending." *Corral*, 878 F.3d at 775. As this is the exact set of circumstances alleged here, *Corral* guides this Court's analysis.[1]

The *Corral* court held that neither the amount of unpaid debt nor the amount secured by the promissory note is the "object of litigation" in an action for a temporary injunction of this nature, and thus cannot be properly used to satisfy the amount in controversy requirement for diversity jurisdiction. *Id.* In so holding, the Court distinguished scenarios in which "plaintiff[s] seek to enjoin foreclosure indefinitely as part of an effort to quiet title to a property or rescind loan agreements." *Id.* at 776. In such scenarios, "when plaintiff[s] seek to quiet title ... or permanently enjoin foreclosure, the object of the litigation is the ownership of the property" because the "whole purpose of [the] action is to foreclose the Bank from selling [the] property." *Id.* (quoting *Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir. 1973) (internal quotations omitted). Thus, "the value of the property or the amount of indebtedness on the property is the proper measure of the amount in controversy." *Id.*

However, when the object of litigation is "only a temporary injunction" while Defendant "considers [Plaintiff's] loan modification agreement," the amount in controversy "does not equal the value of the property or amount of indebtedness." *Id.* The Court reasoned that, unlike in an action seeking a quiet title or the enjoinment of a foreclosure, even Plaintiffs who are succesful in acquiring a temporary injunction "would not be able to retain possession and ownership of their Property without paying off their debt." *Id.* Thus, the amount of indebtedness and the value of the promissory note are of no consequence as the Bank is only being temporarily barred from collecting its due.

Nevertheless, per *Corral*, parties seeking diversity jurisdiction may provide for the $75,000 amount in controversy requirement by citing "other measures." *Id.* These alternate measures include, showing "the transactional costs to the lenders of delaying foreclosure or a fair rental value of the property during the pendency of the injunction." *Id.* Furthermore, the costs to the lenders and the

---

[1] Contrary to Defendant's assertion, Plaintiff's separate claim for damages cannot serve as the object of litigation because, as Defendant admits, those damages are only available if foreclosure has already occurred. (*See* Opp'n 3, ECF No. 15.) Defendant is presently enjoined from foreclosing on the Property, and had not foreclosed on the property prior to the filing of the action. As a result, damages are not available pursuant to Civil Code section 2924.12(b).

fair rental value can be "added to any other compensatory damages sought by the Plaintiff to determine whether more than $75,000.00 is in controversy." *Id.*

    C.    <u>Analysis</u>

Here, in a nearly parallel claim to the one at issue in *Corral*, Plaintiff alleged a single cause of action and sought a temporary injunction of the sale of his home pending Defendant's review of his loan modification agreement. (Compl. at 6.) In the Notice of Removal, Defendant claims the amount in controversy can be taken as the value of the promissory note secured by the Deed of Trust on the Property ($555,000.00) or the unpaid balance on the loan ($756,790.72). (Notice of Removal 5.) As established in *Corral*, "the amount in controversy ... does not equal the value of the property or amount of indebtedness." *Corral*, 878 F.3d at 776. As a result, the amount in controversy here can not be established by the value of the promissory note or the unpaid balance.

Nonetheless, Defendant makes an end-around in favor of the same argument when it asserts the amount of the loan is in fact the amount in controversy because, "the only legal method to stop a trustee's sale is to reinstate a delinquent loan." (Opp'n 4-5.) Here, the amount for reinstatement totals $322,636.05. (Supplement to Notice of Removal ('Supplement"), ECF No. 10-1, Ex. H.) Defendant argues that in acquiring a TRO from the Los Angeles Superior Court, Plaintiff was allowed to stay on the Property without paying $322,636.05. (Opp'n 5.) Thus, Defendant claims, at the time of removal, the amount in controversy was $322,636.05. Still, for the reasons set forth in *Corral*, Defendant's argument fails.

Although Defendant was temporarily enjoined from selling Plaintiff's home during the TRO, such a delay does not substantiate an amount in controversy claim for $75,000, let alone $322,636.05. In *Corral*, the same situation transpired. *See Corral*, 878 F.3d at 772 ("[t]he Superior Court issued a TRO enjoining the trustee sale.") In finding that the effect of the TRO did not meet the $75,000 threshold, the Ninth Circuit reasoned, "[t]he only pecuniary harm that would be suffered by [Defendant] is the cost of having to review [Plaintiff]'s loan modification application and of having to delay foreclosure for the length of that review." *Id.* at 775. Here, the Court agrees. Defendant's contention that the TRO resulted in an amount in controversy of $322,636.05 is merely a by-product of the amount of current indebtedness. And, whatever the outcome of Defendant's loan modification application review, Plaintiff will not be "relieved of the obligation to repay the debt to Defendant." *Id.* at 776.

Next, Defendant argues that if an injunction were to be granted, lost rental value or interest on the Property would result in the $75,000 needed to establish diversity jurisdiction. Specifically, Defendant states, "the lost rental value during the course of litigation (*e.g.*, 18 - 21 months to trial) could total approximately $62,910 - $80,580" based on the fair rental value for the Property at a current monthly rate of $3,495 - $3,850. (Opp'n 6; Declaration of D. Dennis La ("La Declaration") ¶¶ 3-4, ECF No. 15-1.) However, as the Ninth Circuit firmly established, the amount in

controversy only concerns the "object of litigation,". Here, the object of litigation is an injunction postponing foreclosure on Plaintiff's home until Defendant's review of Plaintiff's Application has been completed. An injunction, if granted, would only last as long as Defendant's review; the length of litigation prior to Defendant's success in achieving this injunction is inapplicable to the argument as, axiomatically, the litigation itself cannot be the object of litigation. And, because "it is well established that the amount in controversy is measured by the value of the *object* of the litigation," as opposed to the cost of litigation, Defendant has not provided the appropriate standard nor time period for calculating the amount in controversy. *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (emphasis added).

Defendant's contention that an injunction will be indefinite is also contrary to Cal. Civ. Code § 2924.18 and Cal. Civ. Code § 2924.6(c)-(h), which mandate that Defendant "shall not record a notice of default or notice of sale or conduct a trustee's sale until," § 2924.6(c)-(h), "the borrower has been provided with a written determination by the mortgage servicer regarding the borrower's eligibility for the requested loan modification." § 2924.18. Reiteratively, the injunction, if it is to be granted, need only last as long as Defendant's review takes to occur. Defendant has not provided a timeline that would establish the typical length of time needed to review an application of this type and the lost rental value in during this period. Accordingly, Defendant has not established that the amount-in-controversy requirement has been met.

Although Defendant makes an argument inclusive of "the transactional cost to the lender [in] delaying foreclosure," as well as the "fair rental value of the property during the pendency of the injunction," *Corral*, 878 F.3d at 776, as described above, Defendant's measures impermissibly include costs premised on the litigation itself and not the object of litigation. Even assuming *arguendo* that Defendant's showings are close to what the Ninth Circuit had in mind for "other measures," today, it is not clear what the required showing for these measures is. And, where doubt is present, remand to state court is demanded.[2] *Matheson,* 319 F.3d at 1090.

III.     RULING

---

[2] Plaintiff also argues that *Corral* is not binding precedent because the decision is still within the time period permitted for rehearing, citing to *United States v. Ruiz*, 935 F.2d 1033, 1037 (9th Cir. 1991). Even if rehearing is granted, however, this would only support a conclusion by the Court that satisfaction of the amount-in-controversy requirement is presently "in doubt" and that remand is the appropriate course of action.

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion and **REMANDS** the action to the Superior Court of California for the County of Los Angeles.

IT IS SO ORDERED.